PER CURIAM.
Scott A. Stanley appeals the order denying his motion for postconviction relief, and addenda thereto, which, collectively, alleged seven grounds for relief. We reverse the summary denial of the ground alleging that the State withheld evidence of an agreement it made with witness Carter in exchange for his testimony against Mr. Stanley. We affirm the denial of the remaining six grounds without further comment.
Mr. Stanley alleged below:
Upon [Mr. Stanley] being taken to the holding cells located below the courthouse on the day of the trial he questioned Carter as to why he lied and feigned actions of [Mr. Stanley] which did not occur nor were they corroborated by any other witnesses]. Carter responded, “I ain’t lookin’ out for no cracker when the prosecutor help me out for helpin’ them.” It is evident that Carter was a “bought” witness which was not disclosed to the defense....
On appeal, he contends that the statement Carter made to him following trial “establishes that the State made an agreement with him in exchange for his testimony-” When there has been no eviden-tiary hearing, we must accept as true those factual allegations made by the appellant that are not refuted by the record. See Parker v. State, 904 So.2d 370, 376 (Fla.2005) (citing Peede v. State, 748 So.2d 253 (Fla.1999)).
Mr. Stanley claims to have learned, post-trial and for the first time, that the only independent witness against him had made a deal with the State which caused him to testify against Mr. Stanley. In Brady v. Maryland, the United States Supreme Court held that “the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.” 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). “The prosecutor’s obligation under Brady extends to the disclosure of evidence that could be used for impeachment, as well as exculpatory evidence.” Way v. State, 760 So.2d 903, 910 (Fla.2000) *601 (citing United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)).
Accepting as true Mr. Stanley’s factual allegations that are not refuted by the record, as we must, the record does not conclusively establish he is entitled to no relief. Accordingly, we reverse and remand for an evidentiary hearing or other appropriate relief pursuant to Rule 9.141(b)(2)(D), Florida Rules of Appellate Procedure (2007).
REVERSED and REMANDED.
BROWNING, C.J., WOLF, and BENTON, JJ., concur.